I intend to try and reserve about five minutes for response and response to the cross and also rebuttal and I'll keep an eye on my own clock. Your Honors, this case started in state court and it should be returned there because the Platts can still pursue relief, both prospective relief and nominal damages under state law and in state courts that they cannot pursue under federal law or in federal courts. These state law claims turn on novel and complex questions of state law, specifically here the interpretation of state court. Well, so I would suggest that you concentrate. I'm sorry, I'm sorry, I suggest that you concentrate on demonstrating that the district court made some error on the merits because unless there is something I dismissal doesn't appear to me there's anything. Okay, so there are three errors that underlie the state courts errors on dismissal of the state constitutional claims are the notice of claim issue, the construction of the uncontested forfeiture statutes issue, and the juror entity issue. Let's start with the notice. Can I start out with the question of injury in this case? Now you don't contest the there was probable cause for the correct. We have not contested the initial seizure under probable cause because the Platts themselves were not present when their car was seized. Okay, and if they had invoked the contested procedure that would have taken at least some time to then sort out as that process went went forward, correct? Yes, Your Honor, as all judicial proceedings do. What is the injury that follows from the fact that they picked up the alternative procedure of the uncontested and then just gave it up fairly quickly? What injury do you have that's fairly traceable to the fact that they picked up this procedure rather than the others? I'm not sure we even have Article 3 jurisdiction. Am I wrong? Your Honor, you are wrong. The injury here is twofold. One, the Platts were wrongly during the time that it was seized. The initial seizure was not shouted. Given that there was probable cause for the seizure, if they had invoked the other procedure, there still would have been some period of delay. So the fact that the procedures were different, they pick one versus the other, doesn't seem to contribute or be fairly traceable to your injury. That's my problem. I'm sorry, Your Honor, we may be talking about different seizures here. We didn't contest the initial seizure of the car, but we do allege that the seizure for forfeiture of the car, which is different, is a violation of our client's constitutional rights. That there was no grounds for forfeiture of the car and that the only reason or that a reason that the car was seized for forfeiture is the underlying profit incentive in the forfeiture process. So I have a variant of Tom's question, not based on jurisdiction, but based on the merits of the due process. If they could have gotten full, I understand that if they had proceeded on the alternative claim procedure, they would have had full due process and an ability to raise the issue that you're talking about for a judge. Is that right? That is correct, Your Honor. All right. So how, so then they didn't choose that. They chose this other expedited procedure. But in terms of stepping back and saying, were they denied due process, they had the opportunity for a full procedure and they didn't take it. So then as to this other, suppose with regard to the second procedure, it had been fully disclosed to them that, what actually happened, i.e., if you don't sign your document, then they could not be able to talk to anybody about the merits. Would that be a denial of due process? But they had another possibility. One clarification, Your Honor, it's the defendants who initially gets to choose which procedures are available. It's the prosecutor who gets to make uncontested forfeiture available. I didn't think that was true. Maybe I'm misunderstanding. I thought that the prosecutor can invoke the uncontested or not, but the the plaintiff can still file a claim against the auto and go to court if they want to at the front end. Is that wrong? That is correct. The property owner can make the choice to file a claim or file a petition. Right. So what do you mean by saying that it was a defendant's choice? It wasn't. Well, it's the defendant's choice to initially make that available or not. Right. That's an alternative. But you still have the front. I understand that there is a substantial question, and you are probably right, as to whether they could have gone after the uncontested procedure, essentially dead end. They could file the claim, but it couldn't go anywhere. But what I want to know is that at the front end. Your Honorable, the Platt's tried to contest the forfeiture they wrote on their their their document, not uncontested. The difficulty is in the complexity of trying, if you're a pro se person, as the Platt's were at the time, trying to get that into court in the first place. And as our complaint lays out here, not only is it particularly confusing, it is particularly confusing in Navajo County, where the mailing address for both the court and the prosecutor is the same address. And also the prosecutors under state law have authority to call a claim, a petition and vice versa. More to the point, Your Honor, I don't think that creating an alternative of an unconstitutional process as an alternative to a constitutional process solves the problem. It seems that it is an unconstitutional process, even though, I mean, the ultimate question was, did they have a, was did they have an opportunity for a full hearing? And the answer is yes, they did have an opportunity. Now is the problem that they weren't told of the opportunity, that it's obscure, that it's confusing? But what is the, they had an opportunity, but they chose not to I, I, Your Honor, I disagree with the word choice there. I don't think it was their choice. I think that's what they stumbled into. And all of these questions really go to, I think, the uncontested forfeiture process specifically. So that deals with causes of action one and four here. But there are other causes of action that don't turn on that particular issue. And that's the larger question of the profit incentive that would be claim cause of action. Before we move on, if they had invoked the contested procedure, how would that have played out differently? And in a way that the choice of the second procedure produced an injury, the first one would not have? So a contested forfeiture and an uncontested forfeiture in Arizona have very important differences. The first, of course, is that under the uncontested forfeiture process, you file a petition with the prosecutor, and then the prosecutor gets to make the choice to whether to go forward. And if the prosecutor files an application for forfeiture, Arizona law says, not only are you precluded from intervening into the case, but you also have to show probable cause as opposed to a balance of the evidence or now clear and convincing evidence. In a contested or judicial forfeiture, not only does the government have a higher burden of proof, but there's actually the possibility of controverting the claims that the state makes. And as we showed in our, or as we pled in our complaint, there were a number of outright mistakes, wrong things, wrong facts that the state alleged that under the uncontested forfeiture statutes, as the state courts have interpreted them, my clients were prevented from contesting. And so that's the underlying problem. And while I like the district court's interpretation of the statutes, which creates a workaround to this obvious constitutional problem, that interpretation is in conflict with the way the Cox court, district court, interpreted the statutes and is also in tension with cases for the Wolfstrom case from the Arizona Supreme Court, and also the Noriega case from the Arizona Court of Appeals. Your Honor, the other issue here, really, that we need to talk about is the ability to seek nominal damages under state law. There's only one case on point, and that's Martineau and the district court. Now, what claim is this going to the enforcement claim as well as to the? Yes, Your Honor, it goes to all of the claims, because we sought nominal damages for all of our state constitutions. Now, what defendant, this is where the feature in this case, incredibly complicated. Who is left as a defendant to that? Your Honor, the district court dismissed all of the defendants, except for the two prosecutors in this case, the Navajo County prosecutor. And it never dismissed them, or did it dismiss them? I thought there was some indication that it dismissed them too, as of 1983, and would have forgot that there was also a in order to have a live claim as to this other issue. Your Honor, the district court dismissed the claim, the federal claims here, essentially because it dismissed all the defendants, except for the two prosecutors. It said we could not seek prospective relief in federal court for any claim because of mootness. And then it dismissed the two prosecutors who were left in the case because we could not seek nominal damages against them because they were 1983 persons, because, although they're county prosecutors, they were acting as agents of the state for purposes of enforcing the forfeiture statutes in Arizona. All right. And you don't, as such, although I finally figured it out, appeal their dismissal on the state claims on the ground that the 1983 and will and all that doesn't apply to them with regard to the state claims. But I mean, if you dig hard enough, I was able to figure that out. But you never really exactly say that. Your Honor, the district court dismissed the state law claims against them, not because they're 1983 persons, because, of course, that doesn't apply. The district court dismissed the claims against them because, one, you can't seek prospective relief in federal court here. That's what the district court said. And, two, we were not allowed to seek nominal damages against them. So you think the nominal damages, if you reverse the nominal damages, we would have some defendants. But that is correct. We would have defendants under state law because we could seek nominal damages against them under state law, but not under 1983 because they are acting as agents of the state. And on the merits of the enforcement claim, the district court decided that refused to dismiss, saying that the various cases that basically there's no record in the various cases. And there's an allegation that this was an incentive across the board in the various cases that the state relies on and the record they rely on. It's not requiring a balance of the record. So, Mr. Avalar, the way your case is being structured now, all you have left or all you really want to have left are your state law claims. Is that right? That is correct, Your Honor. You're only pursuing your state law claims. Is that the reason why you think this case should be remanded to state court because there's nothing but state law claims? That is correct, Your Honor. There are nothing left here but state law claims that we can pursue in state court, both for nominal damages because of the district court's erroneous determination of the notice of claim statutes, but also potentially prospective relief because the state courts are not bound by Article III case or controversy mootness requirements. They can and do waive those requirements sometimes. Your Honors, if I may, I'd like to reserve the balance of my time. Thank you. Thank you. May it please the court. Drew Ensign on behalf of the state of Arizona. Just a minute. May I ask how you're splitting time, please? And I'd like to have it on the clock. Yes, Your Honor. I will be speaking for about 11 minutes and Jim Jellison will be speaking for approximately four minutes on behalf of the county defendants. Okay. I would like to put that on the clock, please, the courtroom deputy. In general, I asked for this and it didn't seem to happen. Thank you. Okay, go ahead. Thank you, Your Honor. The, I noticed the timer is now going. Point of Appeal founders on the deferential standards of review that govern here on virtually every issue that point is would need to prevail upon. What is your response to the jurisdictional point that I raised on the date that this action was removed to federal court? The car had already been returned. Why was there a, was there an injury that resulted from the choice of one procedural path versus another? Did things play out differently because one path was invoked than another? Your Honor, we certainly agree that there is no injury with respect to prospective relief and hence no standing. So vis-a-vis the car, there is no injury and the district court found that that's unchallenged. However, it is the case that typically within 1983 suits, if you're exposed to a constitutional violation, such as, you know, if they were correct as to either of their claims, typically you would be able to collect nominal damage for the exposure to the constitutional violation. That threatened their rights, that threatened to do certain things, but it didn't happen. It didn't play out at all, fizzled out. And that's why I'm puzzled as to why there was an injury resulting from the defective path. The defects never actually sort of, you know, came to fruition or, you know, became right. Your Honor, we agree that there's no injury vis-a-vis the car itself. But the law generally seems to be established that if you put them in hearings that were, suffered from a constitutional taint, and if they were actually correct about that upon the merits, they would be able to collect their nominal damages for exposure to that constitutional violation. Even if it just is you taking, you know, positions that are flawed and defective, but that never actually get adopted or implemented? Your Honor, I believe that's the state of the law. That was not specifically litigated below, but that was our understanding. But if there was no Article III jurisdiction on the day it was removed, would the proper remedy be dismissal or remanding? Your Honor, the proper remedy in that case, assuming there was neither standing for prospective or retrospective relief, in that case, you would remand unless you were convinced that a remand was futile. And so the district court did not have an opportunity to weigh in on that. But if you, certainly district courts within Arizona sometimes believe that the prospect that justiciability requirements would be waived in state court is so remote that it's ultimately futile and they simply dismiss rather than remand. That is something the district court never had an opportunity to consider. Certainly, there's reasons to believe that might be futile. You know, certainly given some of the shenanigans that the Platt's engaged in in the state court proceedings, state courts might be particularly reluctant to waive justiciability requirements for them. They also have... I'm not convinced about that. I mean, they filed a state court claim and you removed it. That's correct, Your Honor. But the state court in the forfeiture proceedings that proceeded against the currency made some very enlightening findings, including that the Platt's essentially conspired with their son to concoct no less than five different potential cover stories to explain how he came up with $30,000 in cash, you know, at least four of which would have to be false. They actually went out of their way to contact a third person to see if he would, you know, swear to that cover story and all of that. This is all very much to the side of where we are now. The case is complicated enough as it is. Let's get back to where we are. Now, I mean, I was struck by the fact that Mr. Moore's brief, and I guess I can try to defend Eric's claims at all. It just talked about whether the case should be remanded. You may... State's brief made some effort to do that. And so why don't you tell us why the plaintiffs are not entitled or at least potentially entitled to nominal damages on the theory that Arizona has followed California law thus far with regard to the limitations of the claim and would do so also with regard to nominal damages. That's my understanding of their argument. So what about that? Certainly, Your Honor. And unfortunately, your audio cut out for a little bit by understanding the question about nominal damages for the state law claims. Right. But what I was saying is that their basic argument is that although there is a generic statement that you have to file a claim if you're against, there's been a limitation read in for prospective relief and that there would also be a limitation read in for nominal damages because California has done that and Arizona's been following California law. That's certainly... Thank you, Your Honor. And I apologize for not hearing you the first time. As an initial matter, they are seeking either certification or remand on the notice of claim issue. Notably, both of those requests as to that issue came post loss. And so you'd have to find, contrary to a lot of law, that was an abusive discretion to deny a post loss request for certification or remand on an issue that had already been decided. I'm not talking about certification or remand. I'm talking about the merits. Certainly, Your Honor. I don't understand them to be appealing the merits, but if they were... I did understand them to be appealing the merits. Go ahead. Then certainly, I would look to the Arizona Supreme Court's decision in Deer Valley. That's a unanimous decision that makes very clear that when they say strict compliance, they mean very strict compliance. Did it deal with nominal damages? It didn't deal with nominal damages, but I think it certainly goes to that they insist upon strict compliance and that, you know, they bounce the plaintiffs there for just the use of qualifying language vis-a-vis their attorney fees. Well, they don't insist on strict compliance with the letter of the statute because, as I understand it, there's been a limitation read in for declaratory injunction. That's correct, Your Honor, but the distinction... But that's not strictly following the language. So, and presumably, that's because the main concern here is with the risk of the county. So, it would be somewhat logical to say, well, they weren't really concerned with the dollar either. Your Honor, I think we disagree as to that. I think what Martinu said that this does not apply to prospective relief, but nominal damages are a form of damages that the Arizona Supreme Court would look at as something subject to strict compliance. I'd also point out, though, you know, if this court were to reverse on this issue, then you'd be in the posture of the state law claims are back alive. The plaintiffs have waived any argument that federal due process diverges from state due process, and then you'd be squarely presented with the merits of the state's cross-appeal. Just a minute now, Mr. Henson. The state cross-appeal, what's the gist of it? That you want a ruling on the federal claims, don't you? Exactly, Your Honor. But you just said the plaintiffs have given those up. Wouldn't that be like an advisory opinion? There's no real controversy on those now, is there? I don't believe it would be an advisory opinion, and to start with, there's absolutely no dispute that there was Article III standing and justiciability for this issue in the district court. So really, the question is whether or not plaintiffs' cold feet has managed to gerrymander those issues. Of course it has. I mean, if they're not appealing it, they're not appealing it. And as to the federal claims, there's a finality. So what's the problem? I mean, I thought you were going to say, which is true, that the state law claim would be alive, but it would turn on the same standards as the federal issues. But the federal issue as such is dead, no? It is certainly dead, Your Honor. But this court certainly has authority to affirm on other grounds, and it's not necessarily the case that it would be dead in state court. Notably, the plats have repeatedly threatened to file a federal claim seeking only perspective relief in state courts. And if they were to do so, the state having issue and claim preclusion on the federal issues would be highly useful and effectively dispositive of those suits. I don't understand what you're saying very well, because it seems to me the federal issues are out of this case. If they want to file another case, they can file another case. But still, if the nominal damages case revived anything, one of the things that would revive, presumably, would be a state constitutional claim with regard to the enforcement claim, no? That's correct, Your Honor. And this case comes. Why doesn't that solve your problem? Why are you arguing about this other thing? Because we believe it's an alternative path to reach the merits. But I certainly agree with you that if you were to reverse on the nominal damages issue, you'd be presented with the state law due process, which in this posture is co-terminous. I'm sorry, what's the alternative path? And unless we revive the nominal damages claim, we don't have anything, federal or state, right? I think Your Honors could affirm the dismissal of their federal claims on the alternative merits ground that they fail on the merits. You know, the will is 112B6 ground for dismissal. But we don't have an issue about the federal claim. It's not before us. Well, Your Honor, I think our cross appeal brings it before you because we are attempting to enlarge the rights that we achieve below by obtaining... You've got one, the dismissal of the federal claims below on the ground that the district court can vote, correct? That's correct, Your Honor. So that's a risk. If you go in and you say, I should win on multiple different arguments and the district court agrees with you on one, you won. And, you know, with that point, you shouldn't have made that argument if you wanted the broader ruling and they didn't appeal. I don't see how we have a controversy that we can give you a bigger ruling than the one you won based on an argument you made. Well, certainly to begin with, Your Honor, if you were to reverse on either the nominal damages or the juror entity issue, you begin presented with claims for which our cross appeal would be highly relevant. So I think you have a cross appeal based on the state constitution with regard to the enforcement claim. We don't, Your Honor. Well, if you don't, then you've got a big problem. I don't believe so, Your Honor, here because they have waived any argument that Arizona due process differs from federal due process. It doesn't matter if it differs. It's still the same and it exists. As a practical matter, Your Honor, I think the federal court would resolve that state due process issue first by looking to federal law, which is the only... That's fine. They'd look to federal law, but they'd be deciding a state issue. They would, Your Honor, but they'd be deciding in a posture where it's conceded that federal and state law due process are coterminous. Let me ask you one last question because your time is actually up. And that is, suppose somehow or other we got to the merits of this, which right now I can't see doing. What the district court said was on the complaint, she wouldn't dismiss the enforcement claim because as pled, it seemed viable. And although you might be right as to the application of Marshall and other cases that depended on facts not in the complaint and you'll have a chance to litigate it. So why isn't she right about that? I don't believe so, Your Honor. I think Citizens United notably dealt with the First Amendment claim where over breadth is available. And so the relative scope of constitutional and unconstitutional applications is relevant. Whether it's constitutional or unconstitutional, even in your own theory, depends on the degree to which the forfeiture is, where the forfeiture money is going is corrupting the process. And we don't have that. And we have no record on that. Your Honor, I believe there are both constitutional applications that appear on the face of the statute and then also the judicially noticeable documents that we submitted to this court. All right. Thank you very much. We will hear from your colleague. Thank you, Your Honors. Good morning. May it please the court. My name is Jim Jellison. And for the sake of brevity, I will say I represent the county defendants. One thing I do want to mention before I jump into the merits and the procedures are that I represent a lot of clients, most of whom the plaintiffs have not asked their dismissals to be reversed. And I just ask the court. My understanding is there's more and there's the two Navajo County prosecutors. And that's it. Is that right? More in Carline and their official capacities as state actors. And then the plaintiffs want to bring back the task force in as a defendant. That's my understanding. Mr. Jellison, you don't represent the task force? Yes, sir. I do. And you represent more? Do you represent more? Let me ask you this question. If the task force is not a general entity, why can you or why do they need representation? Well, Your Honor, I think, and this has been my history on the issue, is that somebody's got to jump in and inform the court and make the argument that they're not a task force. But I also represented all of the member agencies that make up the task force. And that creates an interesting proposition in and of itself. The plaintiff in their amended complaint actually alleges the membership of the task force and that the membership is the sheriff's office and the various cities. Let me ask you this. If the task force is not a general entity, are the entities that supposedly make up the task force subject to liability for whatever the task force does? I'm sorry, Your Honor. I heard you to say that if they're not, that I thought there would be something else you were asking. In other words, sir, I misunderstood. The question was, if the task force isn't a general entity, can you sue the individual entities that are parts of the task force? Well, they did do that. But the answer is they're not general entities either, under the case in Braillard and the development of whether or not police departments or sheriff's offices are general entities. They're not. But somebody, I mean, this is the entity that is authorized to do the forfeiture and it did it. And so there's some formality here, but somebody has to be behind this who was subject to sue. Who was that somebody? Well, it got whittled down to what I think is the correct answer. And it would be the two prosecutors in their official capacity as state actors. Now, if an individual law enforcement officer committed a constitutional violation, you can sue that individual law enforcement officer under Section 1983 and under state law. They didn't do that. So there is an alternative, if that's what the court's concern is. There was some muttering in the briefs about the fact that there is no state cause of action. I gather you've given that up. That there is no state cause of action? Yes, for damages. Well, I have not given that up. In fact, I think... You just did give it up. You just stood there and gave it up. You just said that they could sue them for damages. No, I'm saying theoretically, not this case, but just generally speaking, they could have proceeded... Now, there is a cause of action under state law for damages for violation of state constitutional rights. Yeah, theoretically. But they didn't do that in this case. They didn't do it. They did exactly that. They didn't sue anybody in their individual capacity here. They did not. And so, you know, and I agree with the district court. The district court dismissed all state claims. When they did that, there was a federal claim. By the time a remand was requested, there was a federal claim and no state claim to remand. By the time clarification was asked for, there was no state claim that could have affected the existing federal claim. So from a jurisdictional standpoint, I don't think we even ever get to remand. If they didn't sue anybody in their individual capacity, then why were the 1983 defendants dismissed? Because they were state actors. Well, and that ultimately, and that's sort of the end point for all of this, is that they were sued based on will. They were state actors being sued for a dollar, and they are not persons as a matter of statutory interpretation under 42 section 1983. And the district court correctly came to that. Because they were sued in their official capacity? Yes, yes, Your Honor. Exactly. Couldn't they amend their complaint and just change it and say, no, I'm suing them in their individual capacity? Well, they didn't do that at any point. Well, shouldn't they have been allowed to? That's a question I'd have to answer if it happened. I mean, they would do a motion for leave to amend. I would have looked at it and considered whether to oppose it, and the judge would have decided on it. But if that's the only thing that's wrong here, we were routinely remanded for leave to consider a graduate leave to amend when there should have been that consideration, whether it's asked for or not, actually. I mean, if that's all we're talking about, they said it at official capacity, and they should have said individual capacity? Oh, no. I don't think that's all we're talking about. First of all, the decision to go official capacity, I think, was a deliberate one in this case. And you see that frequently with organizations that are bringing the claims, like the ACLU or the Institutes of Justice. They typically don't like to do individual claims. But there's a lot of water under the bridge at this point. I don't think that you can just say, well, everything's rosy if we transform things into individual capacity claims. You're just asking me, Your Honor, the question of, you know, theoretically, is there somebody you can sue other than the task force? Well, they certainly did in this case, but they just didn't do it correctly. All right. One last thing because your time is up. Well, just so I can ask, can I ask a question? Yes, sure. Just on the last comment he made, Mr. I tried to sue somebody besides the task force, but they didn't do it correctly. What would be the correct way to do it? I don't know, Your Honor. I actually haven't. You don't know? You mean there's no answer to that question? But what I can tell you is. Are you saying the task force or no member of the task force can be sued? Well, I'm saying that the, you know, there are general entities, one of which was sued was the Navajo, was Navajo County. They sued Navajo County. But, but, but, you know, when you go to the task force and the district judge recognized this, whether it's a law enforcement agent and their individual capacity or the county, the district court noted. He actually didn't allege that any law enforcement personnel of the county or any of the task force members, task force agencies actually committed a constitutional violation. Well, who did? There were, if they weren't Navajo County agents and employees. Well, well, I don't think there is. Who was it? Was it some other general entity? There were one. Who would be? Well, again, you're asking me, Your Honor, to hypothecate, but I. No, no. I'm asking you to answer your own question. You said they tried to sue the task force, but they sued the wrong people. They did it incorrectly. My question is, what is the correct way to do it? Well, I think first of all, in this case, you decide whether you have a constitutional violation and they haven't crossed that threshold. Even Mr. Avalar and his presentation said, usually first decide whether you have any defendants before you decide the merits. Well, I don't know if I agree with that procedurally, but, but Mr. Avalar, but isn't it clear that the proper defendants of the prosecutors, they're the ones who picked to, to pick up the defective. Procedure rather than the other procedure, which wouldn't have led to any issues. So isn't it clear that they're the proper defendants in this case? I think the district court concluded that and I agree with that. And I think, but that's on the adjudication issue, but on the enforcement issue, who are the proper parties? I mean, the adjudication issue, it's clear. There was more who was doing it and that's fine. No one seems to be having a problem with that. Although do you think that more also isn't subject to the nominal damages aside from the claim problem? Because he was sued in his official capacity only. Is that your honor, the notice of claim issue? I know I'm saying aside from the notice of claim issue, do you maintain that more cannot be sued for nominal damages? More cannot be sued for nominal damages because he was acting as a, as an agent at the state and he sued in his official capacity. And the complaint says that, oh, I have to look at it. And I even go beyond that. But on the enforcement issue is what we're talking about, as I understand it. Who should have been sued on that? Well, I don't think anybody should have been sued. Well, forget the merits. If you want to allege that there was unconstitutional enforcement process, who do you sue in this context? Okay. And again, your honor, I take that to ask me to hypothetical because I don't think that there is a constitutional violation alleged. This is not a useful answer. I mean, I want to step back to the beginning of the lawsuit and say, if you were to bring a lawsuit about this, I want to get an answer. Maybe it's the answer you want. Maybe it's a different answer. But who do you sue? Well, so to go with your hypothetical and I have to create a construct here that doesn't apply to this case. And I want to make sure that that's clear. So let's say that you had an officer who was simply motivated to get money as it's defined by the U.S. Supreme Court and acts under that motivation. Then under section 1983, you can bring an individual lawsuit. If the actions are part of a policy practice or custom of a of a juror municipality, county, city or state, then you can raise a claim there. But you never cross that threshold in this case. And in fact, Mr. Appalachian acknowledges that he says on the initial seizure, we don't even allege anybody committed a constitutional violation. So, Mr. Johnson, let me follow up a little bit from the other end. Now, my understanding is under this scheme, the task force becomes the title holder of a forfeited vehicle. Is that right? It's the actual title holder. I don't believe that to be the case. I think that the vehicle. Well, who becomes a title holder when a vehicle is forfeited? The statute says that the seizing agency is the beneficiary of that. In this case, I said, who becomes the title holder? I'm sorry, sir. Who becomes the title holder of the vehicle when it's forfeited? I don't know the answer to that question. My belief is, you don't know. My belief is it's stolen. The money goes into a general fund that's administered by. Well, in this case, who became the title holder? I don't know the answer to that question. I believe that the car was was liquidated and funds went into a general fund. Who did all that? Well, wait a minute. To liquidate a car, only the title holder can authorize the liquidation. Isn't that true? I don't. I don't. Your Honor, I will confess to you. I don't know the mechanics of that. I know what the statute says. Well, what does the statute say? That it's held for the benefit of the seizing agency, which in this case was the Department of Public Safety. Department of Public Safety is a county or the state? The state or the county or who? That's a state agency. It's the equivalent of California Highway Patrol. I thought the task force was... So the beneficiary of this forfeiture was the state? Is that what you're saying? I believe that. And did the state order the liquidation of the vehicle? I don't know the answer to that question. And I don't think that the complaint answers that question either. So then after the liquidation, you don't know who made the decision to distribute the proceeds and to whom it was distributed. And I don't know any of those mechanics for this case. All my answers were based simply on how the statutory framework is spelled out. Well, maybe Mr. I have one last question. Maybe Mr. Anson knows. Is it correct that this vehicle was forfeited to the DPS? Your Honor, I don't know the answer to that question. And I don't believe the record disclosed that. I have one last question on this feral entity. In Melendrez, as you probably remember, when it was determined that IRF's office was not a feral entity, we substituted... Maybe it was Arapaio, or I don't know who it was. And why wouldn't you do that here? If we knew who it was, which nobody seems to be telling us. And I haven't considered that, to be frank, because it hasn't been raised as a... It was raised. It was raised. I saw it in the briefs. I noticed. I thought it was in the briefs. I do not believe so, Your Honor, because... Well, I saw a cite to Melendrez someplace. And again, it seems to me like the plaintiff in this case decided that what they would do was include people in their official capacities or agencies themselves that are non-feral entities. I suppose they could have named the DPS trooper that did the traffic stop if they believed that DPS trooper had committed... As he said, they weren't complaining about the original seizure. They were complaining about the forfeiture. So they couldn't... I think they're complaining about the enforcement from a judicial standpoint. They're complaining about the enforcement... But they're also complaining, as I understand it, about the decision to forfeit, but not about the seizure, the original seizure. Anyway, you're way, way, way over your time. So thank you. And because he's way, way over the time, we will give you five minutes. Okay. Thank you. Thank you, Your Honors. I hope to be able to clear up some of the record questions that Your Honors had. First one is... Excuse me. The first one is, is it so that you only sued... I'm sorry, Your Honor. You cut out. You only sued the defendants in their official... The individual defendants in their official capacity. That is correct, Your Honor. That is all we... Well, then why... Then what... Then how do we ever get to even a nominal damage? Because, Your Honor, we can pursue damages against officials named in their official capacity, except under federal law, except to the extent that they're not 1983 persons. But 1983 persons has nothing to do with the state law claims. And for that reason, we can pursue damages, nominal damages against state officials in their official capacity, just as we could under state law against government entities itself, including the state. So as to the state law questions, that's the answer. Your Honor, the task force was the seizing agency in this case. That is alleged at ER 109 and 128. The seizing agency? Wait, or the forfeiting agency? They were the seizing... They were the agency that seized for forfeiture. And again, this goes back to an earlier distinction that we had to make. The distinction between the initial seizure and the seizure for forfeiture. DPS troopers made the initial seizure. They seized the car. They took it back to the town. They did a search. And then they contacted Defendant Moore. All this is laid out in the complaint. And Defendant Moore said, seize the car for forfeiture. And it was seized in the name of the task force. And we know that because Defendant Moore designated them as the seizing agency in the notice of pending forfeiture. And that was the agency that the Platts had to give notice to of either their petition or their claim. And so it is the task force that is the seizing agency here for purposes of forfeiture. And that's the reason that we can sue the task force or, as Your Honor has said... What claim would you have against... What is the claim that you would have against the task force? Moore made the decision to institute the forfeiture proceeding. It then fizzled out. The car was never seized. And so the task force never got it. What is the claim against the task force? Your Honor, the car was seized, but it was not ultimately forfeited. Moore tried to forfeit the car. We got involved in the state proceeding. And then the government voluntarily gave the car back. All this is explained at ER 131 through 137. So the car was seized. It was seized for forfeiture. That's the process that started the forfeiture process. It was not ultimately forfeited. And so no funds were disbursed. However, under state law, the car was to be handed over to the seizing agency. What is your allegation that the task force did wrong and violated your rights in connection with that forfeiture decision? They seized the car for forfeiture because they have a profit incentive to seize cars for forfeiture and then to forfeit them. Because under state law, they get to keep up to 100 percent of all forfeiture proceeds. What difference does it make to you? The decision. Okay. What difference does it make? Whether it's the task force that's the surviving defendant or the two individual prosecutors or the surviving defendant for purposes of the enforcement claim. What difference does it make? It has to be somebody. It has to be somebody. But for purposes of prospective relief, which is how this case started, it makes a difference as to who is bound by a court's order. If the task force itself is not bound by the court's order, if it's only the prosecutors in their official capacity, then there's nothing that stops the rest of the task force from continuing to do the unconstitutional things that we have alleged. Well, I would assume there's some. I mean, the notion has to be that if you can't sue the entity, but you have to sue people who make up the entity, then an injunction against them would have to be sufficient. So besides that, you're not getting an injunction. It's all moot. So I don't see why we're spending time on this issue, to tell you the truth. As long as there are surviving defendants, why does it matter? Your Honor, it doesn't matter for purposes of remand. We still have valid state law claims. We can still pursue them in federal or state court for nominal damages. So I would really love to worry about the merits because I am convinced that unless something survives on the merits, the remand issues don't arise. This issue doesn't arise. The certification of state court issues doesn't arise. Nothing arises unless we come up with a live cause of action. Your Honor, the biased prosecutor's claim survives under state law because we can pursue nominal damages against them. Martineau says so. And Deer Valley does not say so. Deer Valley does, if I remember correctly, cite Martineau approvingly. Is Martineau just a California case? Martineau is the Arizona Court of Appeals case that says we're going to follow California law. And so at a minimum, we can pursue that for nominal damages. We can also pursue the biased prosecutor's as adjudicator's claims here because the district court's interpretation of the statutes to avoid that question is sadly, may be correct, may be incorrect. It's certainly novel and it conflicts with the other district court decision in Cox and with other state law decisions. And it hasn't been defended by the state, presumably because they don't believe it either. I'm sorry, Your Honor? It hasn't been defended by the state or by Moore because they take the position and Moore took the position that you couldn't do that. In state court, he took the position that there was no standard. That is correct, Your Honor. And that is, again, set out between ER 131 and 137, how that played out in state court before they voluntarily gave up the car. Okay, we are now out of time and it's very hard to keep the pieces of the space together, but we will do the best. Thank you, Your Honor. Thank you. The case of Platt versus Moore is submitted and we will take a short recess. Five minutes.
judges: Tashima, Berzon, Collins